The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OLIVO, FRANCES

## DEFENDANTS
NASH CONTRACTING, INC. and SULLIVAN, JON M.

(b) County of Residence of First Listed Plaintiff **Camden, NJ**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Worcester, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PANSINI & MEZROW, 1525 Locust Street, 15th Floor, Philadelphia, PA 19102
215-732-5555

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Rear-End MVA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 6/1/11
SIGNATURE OF ATTORNEY OF RECORD
*/s/ Steven M. Mezrow*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Plaintiff, Frances Olivo, 407 Hialeah Drive, Cherry Hill, NJ 08002

Address of Defendant: Defendant: Nash Contracting, Inc., 209 North Main Street, North Brookfield, MA 01535; Defendant: Jon M. Sullivan, 27 Mill Road, North Brookfield, MA 01535

Place of Accident, Incident or Transaction: Kaighn Avenue & Chestnut Street, Cherry Hill, NJ

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY: None
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
 (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
 (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Steven M. Mezrow, Esquire, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/1/11   _____ STEVEN M. MEZROW, ESQUIRE   43746 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/1/11   _____ STEVEN M. MEZROW, ESQUIRE   43746 Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Plaintiff, Frances Olivo, 407 Hialeah Drive, Cherry Hill, NJ 08002

Address of Defendant: Defendant: Nash Contracting, Inc., 209 North Main Street, North Brookfield, MA 01535; Defendant: Jon M. Sullivan, 27 Mill Road, North Brookfield, MA 01535

Place of Accident, Incident or Transaction: Kaighn Avenue & Chestnut Street, Cherry Hill, NJ

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ NoX

Does this case involve multidistrict litigation possibilities?  Yes☐ NoX

RELATED CASE, IF ANY: None

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ NoX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ NoX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ NoX

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ NoX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. X Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

Steven M. Mezrow, Esquire _____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/1/11 _____  _[signature]_  43746
                  STEVEN M. MEZROW, ESQUIRE          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/1/11 _____  _[signature]_  43746
                  STEVEN M. MEZROW, ESQUIRE          Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Frances Olivo | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Nash Contracting, Inc. | : | |
| and | : | NO. |
| Jon M. Sullivan | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 6/1/11 | Steven M. Mezrow, Esquire | Frances Olivo |
| **Date** | | **Attorney for Plaintiff** |
| 215-732-5555 | 215-732-7872 | smezrow@pansinilaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Frances Olivo                          :
                                       : Civil Action
            V.                         :
                                       : No:
Nash Contracting, Inc., and            :
Jon M. Sullivan                        :

DISCLOSURE STATEMENT FORM

Please check one box:

X   The nongovernmental corporate party, __Nash Contracting, Inc.__
    , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐   The nongovernmental corporate party, _____
    , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

__6/1/11__                    _/s/ Steven M. Mezrow_
Date                          Steven M. Mezrow, Esquire

            Counsel for:  __Plaintiff, Frances Olivo__

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
    (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

    (2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
    (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

    (2) promptly file a supplemental statement if any required information changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCES OLIVO**<br>407 Hialeah Drive<br>Cherry Hill, NJ 08002 | : <br> : CIVIL ACTION<br> : |
| Plaintiff<br>v. | : <br> : <br> : NO. |
| **NASH CONTRACTING, INC.**<br>209 North Main Street<br>North Brookfield, MA 01535 | : <br> : <br> : |
| and | : |
| **JON M. SULLIVAN**<br>27 Mill Road<br>North Brookfield, MA 01535 | : <br> : <br> : |
| Defendants | : |

**CIVIL ACTION COMPLAINT**
<u>**PERSONAL INJURY-MOTOR VEHICLE ACCIDENT**</u>

Plaintiff, Frances Olivo, by and through her attorneys, Pansini & Mezrow, aver as follows upon causes of action set forth below:

**PARTIES**

1.  Plaintiff, **FRANCES OLIVO**, is an adult individual residing at 407 Hialeah Drive, Cherry Hill, NJ 08002.

2.  Defendant **NASH CONTRACTING, INC.,** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all relevant times herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis and has offices

at 209 North Main Street, North Brookfield, MA 015235.

3. Defendant, **JON M. SULLIVAN**, is an adult individual residing at 27 Mill Road, North Brookfield, MA 01535 who at all relevant times herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this action is between citizens of different States. The amount in controversy exceeds One Hundred Fifty Thousand ($150,000.00) Dollars. Plaintiff demands trial by jury pursuant to Fed.R.C.P. 38(b).

**FACTS**

5. On or about June 19, 2009, the Defendant **JON M. SULLIVAN** possessed, controlled and/or operated a certain motor vehicle owned by Defendant, **NASH CONTRACTING, INC.**, which was involved in the accident hereinafter described.

6. Upon information and belief, at all times relevant hereto, Defendant **JON M. SULLIVAN** was acting as the employee, agent and/or servant of Defendant **NASH CONTRATING, INC.**

7. On the aforesaid date, the Defendants' vehicle was being operated on or about Kaighn Avenue (also known as "Route 38"), at or near its intersection with Chestnut Street, in Cherry Hill, New Jersey, when it was so carelessly, negligently and recklessly

2

operated and controlled that it was caused to collide with and strike the motor vehicle being operated by Plaintiff, **FRANCES OLIVO**, which vehicle was then and there lawfully upon the highway at the time and place aforesaid.

8. At all times relevant hereto, Defendants acted in reckless disregard for the safety of individuals on the highway, including **FRANCES OLIVO**.

9. The carelessness, negligence and recklessness of the Defendants, **NASH CONTRACTING, INC.**, by and through their agent, servant, workman and/or employee, **JON M. SULLIVAN**, consisted of the following:

   (a) operating said motor vehicle at a high and excessive rate of speed under the circumstances;

   (b) failing to have said motor vehicle under proper and adequate control;

   (c) failing to ensure that a travel lane was unoccupied by another vehicle before traveling into it;

   (d) failing to give proper and sufficient warning of the approach of said vehicle;

   (e) failure to pay attention while operating said motor vehicle;

   (f) failing to yield in an intersection;

   (g) hiring an inexperienced driver;

   (h) failing to properly maintain said vehicle, including but not limited to the vehicle's safety, drive and brake system;

   (i) failing to properly perform pre-trip and post-trip inspections of said vehicle including but not limited to inspection of the vehicle's safety, drive and brake systems;

(j) failing to properly train **JON M. SULLIVAN** in the performance of safety inspections, and the operation and use of said vehicle;

(k) failing to properly supervise **JON M. SULLIVAN**; and

(l) acting in reckless disregard for the safety of individuals on the highway, including **FRANCES OLIVO**;

10. The carelessness, negligence and recklessness of the Defendant, **JON M. SULLIVAN**, individually and/or as the agent, servant, workman and/or employee of Defendant **NASH CONTRACTING, INC.**, consisted of the following:

(a) operating said motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have said motor vehicle under proper and adequate control;

(c) failing to ensure that a travel lane was unoccupied by another vehicle before traveling into it;

(d) failing to give proper and sufficient warning of the approach of said vehicle;

(e) failure to pay attention while operating said motor vehicle;

(f) failing to properly maintain said vehicle, including but not limited to the vehicle's safety, drive and brake system;

(i) failing to properly perform pre-trip and post-trip inspections of said vehicle including but not limited to inspection of the vehicle's safety, drive and brake systems; and

(j) failing to be properly trained in the performance of safety inspections, and the operation and use of said vehicle.

11. By reason of the aforesaid negligence of the Defendants jointly and severally

4

as hereinbefore alleged, the Plaintiff, **FRANCES OLIVO**, suffered severe and permanent injuries to her head, neck, back, arms and legs; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, arms and legs, including but not limited to a traumatic head injury, fracture of the C1 and C6 vertebrae, headaches, back pain and aggravation and/or exacerbation of all known and unknown preexisting medical conditions.  The Plaintiff, **FRANCES OLIVO**, suffered internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss. The Plaintiff, **FRANCES OLIVO**, believes and therefore avers that her injuries are permanent in nature.

12. As a result of the aforesaid occurrence, the Plaintiff, **FRANCES OLIVO**, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

13. As a result of the aforesaid occurrence, the Plaintiff, **FRANCES OLIVO**, has been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

14. As a result of the aforesaid occurrence, the Plaintiff, **FRANCES OLIVO**, has suffered physical pain, mental anguish and humiliation and may continue to suffer same

for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, **FRANCES OLIVO**, demands damages of the Defendants jointly and severally in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus costs and damages permitted by law.

PANSINI & MEZROW

BY: _____
MICHAEL O. PANSINI, ESQUIRE
STEVEN M. MEZROW, ESQUIRE
Attorneys for Plaintiff

DATED: May 31, 2011

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : |
| | : SS |
| **COUNTY OF PHILADELPHIA** | : |

      Frances Olivo, being duly sworn according to law, deposes and says that she is the Plaintiff in the foregoing action, and that the facts set forth in the ___Complaint___ _____ are true and correct to the best of her knowledge, information and belief. I understand that statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

_Frances M. Olivo_
**FRANCES OLIVO**

DATE: __6/1/11__